IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB CAMPBELL, #Y56064, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-01890-SMY |
| ) | |
| TERRY PRUITT, ) | |
| BRIAN PIERCE ESTATE, ) | |
| ILLINOIS, ) | |
| ST. CLAIR COUNTY, ) | |
| BROOKLYN POLICE DEPARTMENT, ) | |
| and VENICE POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Plaintiff Caleb Campbell, an inmate at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the State of Illinois, St. Clair County, Brooklyn Police Department, Venice Police Department, and three police officers for allegedly destroying his vehicle during a high-speed chase and traffic stop on August 4, 2021. (Doc. 1). Section 1915A requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-10): Officers Terry Pruitt, Brian Pierce, and Nicholas Hensley[1] induced a high-speed chase of Plaintiff's vehicle

---

[1] Plaintiff did not name Nicholas Hensley as a defendant in this action, so all claims against this individual are considered dismissed without prejudice.

1

on August 4, 2021. As Plaintiff exited Bottoms Up Strip Club at a normal rate of speed in compliance with all traffic laws, Officer Pruitt trailed closely behind his vehicle and began chasing it for a mile without activating his lights or turning on his car's siren. Plaintiff accelerated in an attempt to get home safely. At McKinley Bridge, Officer Pierce ran into the road and used spike strips to stop the vehicle. In the process, Plaintiff's vehicle was destroyed. The officers never took substantial steps to identify themselves as policemen and falsely reported that Plaintiff was speeding as he exited the club. Plaintiff was ultimately found not guilty of aggravated fleeing and attempting to elude an officer.

Plaintiff claims the officers lacked probable cause for the traffic stop and used excessive force to effectuate it, resulting in the loss of his property in violation of the Fourth and/or Fourteenth Amendments. He faults the Brooklyn Police Department for failing to train Officer Pierce to use stop sticks and for failing to train Officer Pruitt to use accurate information in investigative reports. Plaintiff blames Venice Police Department for failing to train Officer Hensley to activate his body camera during traffic stops.

Plaintiff seeks money damages from the defendants for violating his Fourth and/or Fourteenth Amendment rights on August 4, 2021 and indemnification from St. Clair County and/or the State of Illinois. Plaintiff signed the Complaint on August 1, 2024 and filed it August 15, 2024. *Id*.

## Discussion

Based on the allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:**   Officers Pruitt and Pierce conducted an unlawful traffic stop that resulted in the destruction of Plaintiff's vehicle on August 4, 2021, in violation of his rights under the Fourth and/or Fourteenth Amendments.

**Count 2:**   Brooklyn Police Department failed to train Officer Pierce to use "stop sticks" and failed to train Officer Pruitt to include accurate information in

       investigative reports, and Venice Police Department failed to train Officer Hensley to activate his body camera during traffic stops.

**Count 3:**  Illinois state law claim for indemnification against St. Clair County and/or the State of Illinois.

**Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

### Counts 1 and 2

Although Section 1983 contains no statute of limitations, the court borrows the statute of limitations for personal injury actions from the state where the injury occurred. *See* 42 U.S.C. § 1983; *Chambers v. Cross*, 788 F. App'x 1032, 1033 (7th Cir. 2019); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). A two-year statute of limitations applies to personal injury claims in Illinois. 735 ILCS § 5/13-202; *Cesal v. Moats*, 851 F.3d 714, 721-22 (7th Cir. 2017). Thus, Plaintiff was required to bring suit within two years of his injury.

Plaintiff's car was allegedly destroyed during a traffic stop on August 4, 2021. The Complaint was signed August 1, 2024 and filed August 15, 2024, nearly three years after his injury occurred and a year after the limitations period expired. Therefore, his federal constitutional claims are time-barred.

Typically, the statute of limitations is raised as an affirmative defense. However, a plaintiff can plead himself out of court by setting forth factual allegations in a complaint that establish no entitlement to relief as a matter of law. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)). When the allegations themselves establish a statute of limitations defense, the district court may dismiss the complaint. *Id*. Plaintiff's allegations clearly show that he filed his complaint well beyond the

applicable limitations period. Therefore, Plaintiff has pleaded himself out of court, and Counts 1 and 2 will be dismissed with prejudice.

### Count 3

Jurisdiction over Plaintiff's indemnification claim is conferred by 28 U.S.C. § 1367(a), which authorizes a district court to exercise supplemental jurisdiction over a state law claim that forms part of the same case or controversy as the action over which the court has original jurisdiction. If a district court dismisses all claims over which it has original jurisdiction, as here, the court has discretion to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 717 (7th Cir.), *cert. denied*, 525 U.S. 870 (1998). Given the dismissal of the federal claims in Counts 1 and 2, this Court declines to exercise supplemental jurisdiction over the state law claim in Count 3 and will dismiss it without prejudice.

### Disposition

The Complaint (Doc. 1) is **DISMISSED** with prejudice. **COUNTS 1** and **2** are **DISMISSED** with prejudice because the federal constitutional claims are time-barred, and the state law claim in **COUNT 3** is **DISMISSED** without prejudice under 28 U.S.C. § 1367(c)(3). Because no other claims remain pending, the entire action is **DISMISSED** with prejudice.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a

"strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 9, 2025

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**