IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALEB CAMPBELL, #Y56064, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 24-cv-01890-SMY ) |
| TERRY PRUITT, BRIAN PIERCE ESTATE, ILLINOIS, ST. CLAIR COUNTY, BROOKLYN POLICE DEPARTMENT, and VENICE POLICE DEPARTMENT, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff Caleb Campbell's Motion for Leave to Appeal *in forma pauperis* (IFP). (Doc. 27). Campbell seeks permission to proceed IFP on appeal without prepaying the full $605.00 appellate filing and docketing fee. *Id*.

A party to an action in federal district court who wishes to appeal IFP must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* FED. R. APP. P. 24(a)(1). The motion must be supported by an affidavit that: (1) demonstrates a party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to appeal. *See id*. The court will deny pauper status to a prisoner appellant if: (1) the prisoner has not established indigence; (2) the prisoner has three "strikes;" or (3) the appeal is taken in bad faith. *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998) (*citing* 28 U.S.C. §§ 1915(a)(2)-(3), (g)).

1

Campbell's IFP motion does not satisfy these requirements. First, Campbell has not submitted an updated certified trust fund statement demonstrating his ongoing inability to pay the fees and costs of his appeal.[1] Second, he claims no entitlement to redress in the IFP motion (Doc. 27) or Notice of Appeal (unsigned) (Doc. 21).[2] *See* Doc. 21 ("This is a Notice and a Notice only! The argument will be submitted to the Court of Appeals when im (sic) instructed to do so."). Third, Campbell does not describe any issues he intends to appeal. *See id*.

Moreover, no reasonable person could conclude that this appeal has merit. The underlying action involves two federal constitutional claims against the Brooklyn Police Department and the Venice Police Department and their officers for conducting an allegedly unlawful traffic stop using "stop sticks" that destroyed Campbell's vehicle, in violation of his rights under the Fourth and/or Fourteenth Amendments (Counts 1 and 2) and one state law claim for indemnification against St. Clair County and/or the State of Illinois (Count 3).

The federal constitutional claims are clearly time-barred as a 2-year statute of limitations governs these claims. *O'Gorman v. City of Chicago*, 777 F.3d 885, 888-89 (7th Cir. 2015) (citing *Hollander v. Brown,* 457 F.3d 688, 691 n. 1 (7th Cir. 2006)). Counts 1 and 2 arose from a traffic stop that occurred on August 4, 2021. Because the injury to Campbell occurred on that date, he should have filed this lawsuit no more than 2 years later. Campbell signed the Complaint on

---

[1] Campbell has not provided the updated certified trust fund statement described in Form 4: Affidavit Accompanying Motion for Permission to Appeal In Form Pauperis, which states: **"*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. . . .*"** (Doc. 27, p. 3) (emphasis in original).

[2] Although Campbell's omission of a signature does not warrant denial of the pending IFP motion or dismissal of the appeal at this stage, it is a defect that should be cured by filing a signed notice of appeal. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented"); *Becker v. Montgomery*, 532 U.S. 757, 763, 768 (2001); *Robinson v. City of Chicago*, 868 F.3d 959, 963, n.2 (7th Cir. 1989) ("An unsigned notice of appeal, even if it does not meet the jurisdictional requirements of Fed. R. Civ. P. 11, [can] meet[ ] the jurisdictional requirements for appeal.").

August 1, 2024 and filed this lawsuit on August 15, 2024 – 3 years after the incident. Accordingly, the Court dismissed both federal constitutional claims with prejudice as being time-barred and dismissed the state law indemnification claim without prejudice after declining to exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(c)(3).

For the foregoing reasons, Campbell's Motion for Leave to Appeal *in forma pauperis* (Doc. 27) will be denied.

## Disposition

Plaintiff Caleb Campbell's Motion for Leave to Appeal *in forma pauperis* (Doc. 27) is **DENIED**, and the Motion to Serve Appellees a Notice of Appeal (Doc. 26) is **DENIED** as **MOOT**. Plaintiff shall tender the appellate filing and docketing fee of $605.00 to the Clerk of Court in this District on or before March 24, 2025 or he may reapply to the Seventh Circuit Court of Appeals for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

**DATED: 2/20/2025**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**